FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

May 04, 2026

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

DOMINIC W.,

                    Plaintiff,

        v.

COMMISSIONER OF SOCIAL
SECURITY,

                    Defendant.

NO. 2:25-CV-0406-TOR

ORDER AFFIRMING THE
COMMISSIONER'S DENIAL OF
PLAINTIFF'S APPLICATION FOR
TITLE XVI BENEFITS

BEFORE THE COURT is Plaintiff's Motion for Summary Judgment for judicial review of Defendant's denial of his application for Title XVI under the Social Security Act (ECF No. 11). This matter was submitted for consideration without oral argument. The Court has reviewed the record and files herein and is fully informed. For the reasons discussed below, Plaintiff's Motion for Summary Judgment (ECF No. 11) is DENIED and Defendant's denial of Plaintiff's Title XVI application under the Social Security Act is AFFIRMED.

ORDER AFFIRMING THE COMMISSIONER'S DENIAL OF PLAINTIFF'S APPLICATION FOR TITLE XVI BENEFITS ~ 1

## STANDARD OF REVIEW

It is the administrative law judge's ("ALJ") job to "determine credibility, resolve conflicts in the testimony, and resolve ambiguities in the record." *Lambert v. Saul*, 980 F.3d 1266, 1277 (9th Cir. 2020) (quoting *Treichler v. Comm'r of Soc. Sec. Admin.*, 775 F.3d 1090, 1098 (9th Cir. 2014)).  The Court will affirm the Commissioner's decision to deny benefits unless it "is not supported by substantial evidence or is based on legal error." *Lambert*, 980 F.3d at 1277 (quoting *Treichler*, 775 F.3d at 1098) (internal quotations omitted).  It is important for the ALJ to provide sufficient reasons for the court to review the basis of an administrative order and to identify where in the record those reasons are reflected. *Id.*

The court reviews the agency's findings to determine whether they are supported with substantial evidence.  *Biestek v. Berryhill*, 587 U.S. 97, 99 (2019); 42 U.S.C. § 405(g).  In this context, the threshold is not high.  *Biestek*, 587 U.S. at 103.  Substantial evidence is present when there is "more than a mere scintilla." *Biestek*, 587 U.S. at 103 (quoting *Consol. Edison Co. of New York v. N.L.R.B.*, 305 U.S. 197, 229 (1938)).  In other words, "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Biestek*, 587 U.S. at 103 (quoting *N.L.R.B.*, 305 U.S. at 229).

ORDER AFFIRMING THE COMMISSIONER'S DENIAL OF PLAINTIFF'S APPLICATION FOR TITLE XVI BENEFITS ~ 2

The Court will not reverse for errors that are harmless. *Molina v. Astrue*, 674 F.3d 1104, 1117 (9th Cir. 2012). An error is harmless if it is "inconsequential to the ultimate nondisability determination." *Molina*, 674 F.3d at 1115 (quoting *Carmickle v. Comm'r, Soc. Sec. Admin.*, 533 F.3d 1155, 1162 (9th Cir. 2008)). To effectuate this, the Court reviews the record as a whole to determine whether the error altered the result of the case. *Molina*, 674 F.3d at 1115.

## FIVE STEP SEQUENTIAL EVALUATION PROCESS

The Commissioner uses a five-step sequential process to decide whether a claimant is considered disabled. 20 C.F.R. § 416.920(a)(1). The Commissioner considers all evidence in the record to make this determination. 20 C.F.R. § 416.920(a)(3). Disability is defined "as the inability to do any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 20 C.F.R. § 416.905(a). This requires a severe impairment that makes the claimant unable to complete the claimant's past relevant work or any other substantial gainful work. 20 C.F.R. § 416.905(a).

At each step, the Commissioner may find a claimant either not disabled or disabled. 20 C.F.R. § 416.920(a)(4). If the claimant is found disabled, then the process stops and the determination is made. 20 C.F.R. § 416.920(a)(4).

ORDER AFFIRMING THE COMMISSIONER'S DENIAL OF PLAINTIFF'S APPLICATION FOR TITLE XVI BENEFITS ~ 3

However, during step three and four, the Commissioner assesses residual function capacity ("RFC"). *Id.* Then, during steps four and five, the Commissioner evaluates the claimant's claim. *Id.*

At step one, the Commissioner considers the claimant's work activity and if the Commissioner decides that the claimant is engaging in substantial gainful activity, then the Commissioner will find the claimant is not disabled. 20 C.F.R. § 416.920(a)(4)(i). Substantial gainful activity is both substantial and gainful work activity. 20 C.F.R. § 416.972. Substantial work activity means "doing significant physical or mental activities" and may be done on a part-time basis, with less pay, or less responsibility than before. 20 C.F.R. § 416.972(a). Gainful work activity is work done for pay or profit even if the profit is not realized. 20 C.F.R. § 416.972(b). Put together, "[s]ubstantial gainful activity means work that—(a) [i]nvolves doing significant and productive physical or mental duties; and (b) [i]s done (or intended) for pay or profit." 20 C.F.R. § 416.910.

At step two, the Commissioner considers the claimant's medical severity of the claimant's impairment(s). 20 C.F.R. § 416.920(a)(4)(ii). If the claimant does not have either a physical or mental impairment that is severely medically determinable, or a combination of impairments satisfying the requirements the Commissioner will deem the claimant as not disabled. 20 C.F.R. § 416.920(a)(4)(ii).

ORDER AFFIRMING THE COMMISSIONER'S DENIAL OF PLAINTIFF'S APPLICATION FOR TITLE XVI BENEFITS ~ 4

At step three, the Commissioner continues to consider the claimant's medical severity of claimant's impairment. 20 C.F.R. § 416.920(a)(4)(iii). If the claimant falls under one of the listings in appendix 1, fulfills this subpart, and the durational requirement, then the Commissioner will determine the claimant as disabled. 20 C.F.R. § 416.920(a)(4)(iii).

At step four, the Commissioner shifts to address the claimant's RFC and work experience to see whether the claimant can make an adjustment to other work. 20 C.F.R. § 416.920(a)(4)(iv). If the Commissioner decides that the claimant can still complete past relevant work, then the Commissioner rules the claimant as not disabled. 20 C.F.R. § 416.920(a)(4)(iv).

At step five, the Commissioner continues to review the claimant's residual functional capacity with the claimant's age, education, and work experience to settle on any possible adjustments to other work. 20 C.F.R. § 416.920(a)(4)(v). If this is possible, then the Commissioner will rule that the claimant is not disabled. However, if the Commissioner establishes the opposite, then the claimant is deemed as disabled. 20 C.F.R. § 416.920(a)(4)(v).

Once a claimant proves that: "(1) that she is not presently engaged in a substantial gainful activity; (2) that her disability is severe, and (3) that her impairment meets or equals one of the specific impairments described in the regulations", then the claimant must be found disabled. *Hoopai v. Astrue*, 499

ORDER AFFIRMING THE COMMISSIONER'S DENIAL OF PLAINTIFF'S APPLICATION FOR TITLE XVI BENEFITS ~ 5

F.3d 1071, 1074 (9th Cir. 2007) (quoting *Thomas v. Barnhart,* 278 F.3d 947, 955 (9th Cir. 2002)).  However, if the stated impairment does not meet the requirement listed in the regulations, the claimant may "still establish a prima facie case of disability by proving at step four that 'in addition to the first two requirements, ... she is not able to perform any work that she has done in the past.'" *Hoopai*, 499 F.3d at 1074 (quoting *Thomas,* 278 F.3d at 955).  After the claimant establishes his or her prima facie case at step five, the burden shifts to the agency to prove that "the claimant can perform a significant number of other jobs in the national economy." *Hoopai*, 499 F.3d at 1074–75 (quoting *Thomas,* 278 F.3d at 955).

### ALJ FINDINGS

Plaintiff applied for Title XVI benefits in December of 2021 for an alleged onset for the date amended to the date of the application.  ECF No. 13 at 2; Tr. 17, 53.  The Appeals Council denied review of Plaintiff's case.  Tr. 1.

At step one, the ALJ stated Plaintiff had not engaged in substantial gainful activity since the application date, December 8, 2021.  Tr. 20, 53.  Plaintiff was determined to have the following severe impairments: obesity, diabetes, lumbar degenerative disc disease, depressive disorder, attention deficit hyperactivity disorder (ADHD), and a learning disorder.  *Id.*  However, these impairments or a combination of these impairments was not deemed to meet the severity of the ones listed in 20 C.F.R. Part 404, Subpart P, Appendix 1.  Tr. 21.  Additionally,

ORDER AFFIRMING THE COMMISSIONER'S DENIAL OF PLAINTIFF'S APPLICATION FOR TITLE XVI BENEFITS ~ 6

Plaintiff's severity of mental impairments considered singly or in combination with physical impairments did not meet the required criteria.  Tr. 22.  Also, the ALJ considered Paragraph B criteria, but it was not satisfied because Plaintiff did not have either two marked limitations or one extreme limitation.  Tr. 23.  The evidence failed to establish a presence of Paragraph C criteria.  *Id.*

The ALJ found opinions of Brenda Proco-Smith, FNP, and Linda Wolcott, Ph.D., as persuasive.  Tr. 26-28.  However, the ALJ did not find Julie McKown, PMHNP's opinion to be persuasive.  Tr. 27.

The ALJ noted that Proco-Smith reviewed clinic notes, an adult function report, imaging studies and conducted her own evaluation.  Tr. 26.  Proco-Smith found that Plaintiff "had lumbar degeneration with radiculopathy, diabetes, hypertension, and obesity."  *Id.*  After a detailed analysis, she determined that Plaintiff "was limited to a range of heavy work with standing/walking limited to six hours, sitting limited to eight hours, and without additional significant restrictions."  Tr. 26.  Additionally, Plaintiff "had some pain on palpation of the shoulders, left knee, thoracic, and lumbar spine, positive straight-leg raise testing, and reduced lumbar extension and flexion, but had no other abnormalities."  *Id.*  The ALJ found her opinion consistent with the record showing normal gait, sensation and range of motion.  Tr. 25-26.  The ALJ recognized that Proco-Smith's mentioned abnormalities are consistent with limitations in exertion, postural

ORDER AFFIRMING THE COMMISSIONER'S DENIAL OF PLAINTIFF'S APPLICATION FOR TITLE XVI BENEFITS ~ 7

activities, and exposure to hazards.  Tr. 27.

Wolcott completed an in-depth psychological evaluation including a clinical interview, review of records and testing.  Tr. 27.  Plaintiff "had diagnoses of ADHD, learning disorders in math and written expression, and persistent depressive disorder."  *Id.*  She found Plaintiff had a good mental health prognosis and noted Plaintiff's reluctance to take ADHD medication would likely improve his skills in writing and math.  *Id.*  Also, Wolcott found Plaintiff "moderately impaired in concentration and persistence, without impairment in interacting with others, and mild impairment in completing normal work periods without psychological disruption, dealing with usual stresses (if it involved math or heavy physical activity)."  Tr. 26-27.

At step four, the ALJ found that Plaintiff's RFC included the ability to perform a full range of medium work except:

> he cannot climb ladders, ropes, or scaffolds; he can frequently balance, stoop, kneel, crouch, crawl and climb ramps and stairs,; he cannot have concentrated exposure to vibration, pulmonary irritants, o hazards (e.g., unprotected heights, moving mechanical parts); he is limited to tasks involving no more than simple mathematical calculations consistent with a GED math level of two or less; and he can sustain attention and concentration on work-related tasks for two hours at a time.

Tr. 23.

At step five, after consideration of Plaintiff's age, education, work experience, and RFC, the ALJ determined that there were jobs in significant numbers in the national economy that were sufficient for Plaintiff.  Tr. 29.  These

ORDER AFFIRMING THE COMMISSIONER'S DENIAL OF PLAINTIFF'S APPLICATION FOR TITLE XVI BENEFITS ~ 8

jobs included a representative medium, SVP 2, and unskilled occupations such as hand packager, and kitchen helper.  Tr. 29.

## ISSUES

Plaintiff identifies four issues with the ALJ's decision.  ECF No. 11 at 2.  Plaintiff requests for immediate benefits or in the alternative, remand for the ALJ to address and evaluate the comments of Dr. Woolever.  ECF No. 11 at 2, 8.

I.    Whether the ALJ failed to properly admit and consider the detailed statements of impairment from treating provider, Dr. Woolever.

II.   Whether the ALJ properly evaluated the medical opinions.

III.  Whether the ALJ properly evaluated Plaintiff's impairments and symptom testimony.

IV.   Whether the ALJ properly assessed Plaintiff's RFC and met his burden at step five.

ECF No. 11 at 2.

## DISCUSSION

**I.    The ALJ properly rejected the detailed statements of impairment from treating provider, Dr. Woolever.**

A. The ALJ's Decision

Plaintiff argues that the ALJ erred by not allowing Dr. Woolever to provide an updated statement.  ECF No. 11 at 7.  Dr. Woolever was reluctant to comment without seeing Plaintiff again.  *Id.*  Plaintiff states the ALJ acknowledged that the

ORDER AFFIRMING THE COMMISSIONER'S DENIAL OF PLAINTIFF'S APPLICATION FOR TITLE XVI BENEFITS ~ 9

request was timely and failed to recognize that the delay was due to unusual, unexpected, or unavoidable circumstances as provided under 20 C.F.R. § 416.1435(b)(3).  ECF No. 11 at 7.

20 C.F.R. § 416.1435 provides the guidelines for submitting written evidence to the ALJ.  Section 416.1435(b) allows a claimant to provide information before the decision is issued without previously informing the ALJ under specific circumstances.  One of these circumstances includes "[s]ome other unusual, unexpected, or unavoidable circumstance beyond [claimant's] control prevented [claimant] from informing [the ALJ] about or submitting the evidence earlier."  20 C.F.R. § 416.1435(b)(3).  Examples are listed under the subsection.  § 416.1435(b)(3)(i)-(iv).

The ALJ declined to delay the case further by waiting for submission from Dr. Woolever.  Tr. 17-18.  The ALJ noted that the notice was timely but it did not adhere to the requirements set out under SSR 17-4p.  *Id.*  The ALJ stated that "it did not identify the relevance of the evidence or its location, nor indeed did it even identify existing evidence, but rather ongoing efforts to create evidence."  *Id.*  The ALJ noted that there was no appointment set until a week after the hearing.  *Id.*

The ALJ addressed Plaintiff's argument that it falls under 20 C.F.R. § 416.1435(b)(3) but the ALJ disagreed.  Tr. 17.  The ALJ stated that Plaintiff reached out to Dr. Woolever less than six weeks before the hearing.  *Id.*

ORDER AFFIRMING THE COMMISSIONER'S DENIAL OF PLAINTIFF'S APPLICATION FOR TITLE XVI BENEFITS ~ 10

Additionally, Plaintiff had multiple appointments with Dr. Woolever where this information could have been requested or retrieved, however, Plaintiff failed to do so. Tr. 18. A doctor denying a meeting with an individual before completing paperwork is not unusual or unexpected especially considering a waiting period is expected between the scheduling of an appointment and the appointment itself. *Id.* Finally, the ALJ notes that the decision was issued ten days after the alleged September 19 appointment and Plaintiff still had not submitted any statement from Dr. Woolever. *Id.*

Plaintiff attempts to argue that Dr. Woolever's statement should be considered and argues that it falls under 20 C.F.R § 416.1435(b)(3) but fails to address the ALJ's other reasons for denial. Also, Plaintiff fails to cite authority to support his contention that it should fall under § 416.1435(b)(3). Not that it is dispositive, but Plaintiff did not allege under one of the provided reasons in the statute. 20 C.F.R. § 416.1435(b)(3)(i)-(iii). The ALJ explained that Plaintiff's reason was not unexplained, unexpected, or unavoidable. Tr. 17-18. The doctor's denial was reasonable and typical. Tr. 17-18.

Even more, Dr. Woolever's statements were not provided before the decision was issued. Tr. 18. Plaintiff responds that the statements were not seen until after the ALJ's decision. ECF No. 11 at 8. However, this reason also does not meet the criteria for unexpected, unexplained or unavoidable. Nevertheless, the ALJ's

ORDER AFFIRMING THE COMMISSIONER'S DENIAL OF PLAINTIFF'S APPLICATION FOR TITLE XVI BENEFITS ~ 11

decision is sufficient.  The Court will not interrupt the ALJ's reasonable interpretation and decision supported with sufficient explanations.  *Burch v. Barnhart*, 400 F.3d 676, 679 (9th Cir. 2005).

Additionally, Defendant and the ALJ properly stated that Plaintiff did not meet the requirements under SR 17-4p.  Tr. 17; ECF No. 13 at 4.  SSR 17-4p provides the requirements for Plaintiff to provide written evidence.  SSR 17-4P, 2017 WL 4736894 (Oct. 4, 2017).  The ruling states that the claimant shall "provide information specific enough to identify the evidence (source, location, and dates of treatment) and show that the evidence relates to the individual's medical condition, work activity, job history, medical treatment, or other issues relevant to whether or not the individual is disabled or blind." SSR 17-4P, 2017 WL 4736894 (Oct. 4, 2017).  It furthers that if this is not provided with enough specificity to clearly identify the evidence and recognize its relevance to determine the claimant is disabled then the claimant did not meet the requirements of the applicable regulation, and the evidence will not be requested.  SSR 17-4P, 2017 WL 4736894 (Oct. 4, 2017).  Plaintiff did not provide information about what Dr. Woolever's statements would suggest or its relevance.  This failure is sufficient to not accept Dr. Woolever's later statement.  Moreover, "[w]here evidence is susceptible to more than one rational interpretation, it is the ALJ's conclusion that must be upheld." *Burch v. Barnhart*, 400 F.3d 676, 679 (9th Cir. 2005).  Accordingly,

ORDER AFFIRMING THE COMMISSIONER'S DENIAL OF PLAINTIFF'S APPLICATION FOR TITLE XVI BENEFITS ~ 12

Plaintiff did not identify any harmful error on the ALJ's behalf.

B. <u>The Appeals Council's New Evidence</u>

Dr. Woolever's statements were sent to the Appeals Council and became a part of the administrative record. ECF No. 11 at 3; Tr. 36-48. It appears Plaintiff argues this statement is admitted or should be considered. ECF No. 11 at 18. Plaintiff argues that Dr. Woolever's evidence is consistent with the record and uses Plaintiff's mother's comments and Dr. Julie McKown's statement as support. ECF No. 11 at 8-9. Plaintiff alleges that the ALJ failed to consider the evidence in a longitudinal manner. ECF No. 11 at 8-9.

The ALJ's decision is the final decision of the Commissioner when the Appeals Council denies review. *Brewes v. Comm'r of Soc. Sec. Admin.*, 682 F.3d 1157, 1161–62 (9th Cir. 2012). Moreover, "when the Appeals Council considers new evidence in deciding whether to review a decision of the ALJ, that evidence becomes part of the administrative record, which the district court must consider when reviewing the Commissioner's final decision for substantial evidence." *Brewes*, 682 F.3d at 1163.

The Appeals Council denied review and did not find that Plaintiff's Columbia County Health System records from September 17, 2024, displayed a reasonable probability that it would change the outcome of the decision. Tr. 2. As a result, the Appeals Council did not exhibit the evidence. Tr. 2.

ORDER AFFIRMING THE COMMISSIONER'S DENIAL OF PLAINTIFF'S APPLICATION FOR TITLE XVI BENEFITS ~ 13

The Columbia County Health System Record and statements from Dr. Woolever consistent from a visit on September 17, 2024.  Tr. 47.  Dr. Woolever noted problems including seizures, neck pain, back pain, diabetes, dysphagia, developmental delay, moderate, depression, costochondritis, hypertension, herniation of lumbar intervertebral disc with radiculopathy, elevated liver enzymes and mixed hyperlipidemia.  Tr. 40-41.  It appears that these are noted due partly to the examination and partly from Plaintiff's history.  Tr.  38-39.  During examination, Dr. Woolever noted generally normal results.  Tr. 39.  Dr. Woolever noted decreased range of motion with lumbar spine due to pain.  Tr. 39.

The statements from Dr. Woolever provided history, notes, and limitations.  Tr. 47.  Dr. Woolever notes Plaintiff's 2022 MRI scans showing a bulged disc.  *Id.* Dr. Woolever noted Plaintiff's lumbar condition and that his obesity has been "marginally successful" but still struggled with this condition.  Tr. 47.  In December of 2021, Dr. Woolever considered Plaintiff's limitations in standing, sitting and walking.  *Id.*  Dr. Woolever estimated that he was limited to sitting about 15-20 minutes at time and standing and walking to two hours per day.  Tr. 47.  However, Dr. Woolever continues that if asked them, she would have added that Plaintiff's sitting tolerance would be limited to four hours per day.  *Id.*  Also, Plaintiff's standing and walking would be limited to four hours at a time.  *Id.* Moreover, Dr. Woolever stated that these limitations "are likely to have been

ORDER AFFIRMING THE COMMISSIONER'S DENIAL OF PLAINTIFF'S APPLICATION FOR TITLE XVI BENEFITS ~ 14

present for at least 2-3 months." Tr. 47.

Plaintiff argues that Dr. Woolever's statements are consistent and supported with the record and references of Julie McKown PMHNP's visit from February 2023. Tr. 27. However, the ALJ did not find her opinion persuasive because it was poorly supported and inconsistent with the record. *Id.* The ALJ found that McKown's conclusion that Plaintiff could not "manage funds, understand, remember, or carry out simple or complex instructions, sustain concentration and persistence at a reasonable pace, or interact with others or adapt to usual workplace stresses" was inconsistent with McKown's assessment of cooperation, unremarkable findings, and Plaintiff's reports of able to care for himself and appropriately dressed and groomed. Tr. 27. Moreover, the ALJ noted that McKown's failure to demonstrate that Plaintiff could perform any mental task is contradictory to Plaintiff's record of minimal mental health treatment, normal mental status exams and inconsistent symptom allegations. *Id.*

McKown's visit exhibited generally unremarkable notes regarding his appearance, affect, mood, behavior, and only some distractions for concentration. Tr. 594. The report demonstrates mental tests that Plaintiff appeared to complete. Tr. 594-95. However, McKown then reported Plaintiff could not understand, remember, or carry out simple instructions, manage funds, sustain concentration in a workplace, etc. Tr. 596.

ORDER AFFIRMING THE COMMISSIONER'S DENIAL OF PLAINTIFF'S APPLICATION FOR TITLE XVI BENEFITS ~ 15

While Plaintiff does not directly take issue with McKown's 2023 visit as being unpersuasive, the ALJ's determination is reasonable.  Therefore, Plaintiff's assertion of consistency and supportability of Dr. Woolever's statements to one provider's opinion does not negate the other evidence provided by the ALJ.  Even more, as discussed, this provider's opinion was found to be unpersuasive.  Tr. 27.  Plaintiff did not identify any legal error in the ALJ's analysis or exhibit that the ALJ failed to provide sufficient evidence regardless of Dr. Woolever's statements.

### C. Lay Testimony

Plaintiff alleges that Dr. Woolever's statements are consistent and supported and that Plaintiff's mother's statements are consistent and show marked impairments.  ECF No. 11 at 8-9.  Plaintiff furthers that Dr. Woolever's statements are supported by Plaintiff's mother's statements that Plaintiff rarely cooks meals, forgets to finish laundry, needs constant reminders and does not finish or start tasks.  Tr. 310.  Additionally, Plaintiff must be reminded to bathe and change his clothes.  Tr. 308.  The citations and remarks refer to statements by Plaintiff's mother on his disability function report.  Tr. 264, 308-10.  Plaintiff uses his mother's statements that he is "doing worse" as support.  ECF No. 11 at 11.

Plaintiff reported he relies on his girlfriend and mother to remind him of things and references the issues of task completion, concentration and attention span from the function report.  Tr. 22.  However, the record shows he drives, makes his own

ORDER AFFIRMING THE COMMISSIONER'S DENIAL OF PLAINTIFF'S
APPLICATION FOR TITLE XVI BENEFITS ~ 16

meals, attends to his own personal care, plays games, forges knives, practices martial arts, lifts heavy objects and engages in blacksmithing.  Tr. 25-26, 355.  The ALJ found that Plaintiff did not show concentration issues during most of his office visits and that during his consultative exam, his concentration was fair.  Tr. 22.  Additionally, the ALJ continues that in a 2023 exam, Plaintiff could not complete serial 2s, 7s, or reverse word spelling.  Tr. 23.  Nevertheless, he scored in the low average range for concentration and average range for attention.  *Id.*  None of this contradicts the ALJ's interpretation or disrupts the ALJ's substantial evidence to prove that Plaintiff's limitations should be considered marked.  The ALJ provided sufficient evidence that his limitations are mild and moderate not marked or extreme. Again, when there are two rational interpretations, the ALJ's decision must be upheld.  *Magallanes v. Bowen*, 881 F.2d 747, 750 (9th Cir. 1989).

Moreover, as will be discussed further, Dr. Woolever's statements do not change that the ALJ's decision was supported with substantial evidence in its disability determination and denial of Dr. Woolever's statements.  The ALJ considered many of Dr. Woolever's reported ailments for Plaintiff stating either the record fails to support the impairment, the impairment does not represent any limitations, or the impairment is treated with medication.  Tr. 21, 428, 3142, 2023, 3136.  And as the Ninth Circuit held, the district court "must uphold the ALJ's decision where the evidence is susceptible to more than one rational

ORDER AFFIRMING THE COMMISSIONER'S DENIAL OF PLAINTIFF'S APPLICATION FOR TITLE XVI BENEFITS ~ 17

interpretation." *Magallanes v. Bowen*, 881 F.2d 747, 750 (9th Cir. 1989). Dr. Woolever's statements do not undermine the ALJ's decision. *ASARCO, Inc. v. Occupational Safety & Health Admin.*, 746 F.2d 483, 490 (9th Cir. 1984) ("[T]he possibility of drawing two inconsistent conclusions from the evidence does not prevent an administrative agency's finding from being supported by substantial evidence."). Even more, the ALJ properly denied Dr. Woolever's statements. Accordingly, Plaintiff does not identify any harmful error that warrants remand.

**II.    The ALJ properly evaluated the medical opinions.**

Next, Plaintiff argues that the ALJ failed to adhere to the appropriate medical opinion regulations and considerations. ECF No. 11 at 8-12. Plaintiff furthers that the ALJ did not appropriately consider all the opinions with the appropriate factors. ECF No. 11 at 10-12. Moreover, Plaintiff appears to contend that the evidence contradicts the ALJ's determination of some medical opinions but fails to provide sufficient reasons for his evaluation. ECF No. 11 at 11.

Under 20 C.F.R. §§ 404.1520c and 416.920c, the ALJ's guidelines for how to consider and articulate medical opinions and prior administrative medical findings are laid out. With these regulations, the ALJ is not required to provide "'specific and legitimate reasons' for rejecting a treating or examining doctor's opinion." *Woods v. Kijakazi*, 32 F.4th 785, 792 (9th Cir. 2022) (citations omitted).

ORDER AFFIRMING THE COMMISSIONER'S DENIAL OF PLAINTIFF'S APPLICATION FOR TITLE XVI BENEFITS ~ 18

The new regulations focus on supportability and consistency when evaluating the persuasiveness of an opinion. *Woods*, 32 F.4th at 791. Supportability "means the extent to which a medical source supports the medical opinion by explaining the 'relevant ... objective medical evidence.'" *Woods*, 32 F.4th at 791-92 (quoting 20 C.F.R. § 404.1520c(c)(1)).[1] On the other hand, "consistency means the extent to which a medical opinion is 'consistent ... with the evidence from other medical sources and nonmedical sources in the claim.'" *Woods*, 32 F.4th at 792 (quoting 20 C.F.R. § 404.1520c(c)(2)). Essentially, the ALJ must explain the persuasiveness of all the medical opinions from each physician or other necessary source. *Woods*, 32 F.4th at 792. Additionally, "an ALJ cannot reject an examining or treating doctor's opinion as unsupported or inconsistent without providing an explanation supported by substantial evidence." *Woods*, 32 F.4th at 792.

Plaintiff states that the ALJ erred by failing to provide reasons for why Vincent G. Ph.D.'s and Renee E, Ph.D.'s opinions were consistent. ECF No. 11 at 10-11. However, Defendant and the Court cannot determine who Plaintiff is referring to. ECF No. 13 at 8-9. Plaintiff fails to cite the record and there are no providers with either of those names. Plaintiff did not sufficiently argue this issue with any specificity and the Court cannot decipher Plaintiff's argument. *Carmickle v.*

---

[1] 20 C.F.R. § 404.1520c is identical to 20 C.F.R. § 416.920c referring to Title XVI.

ORDER AFFIRMING THE COMMISSIONER'S DENIAL OF PLAINTIFF'S APPLICATION FOR TITLE XVI BENEFITS ~ 19

*Comm'r, Soc. Sec. Admin.*, 533 F.3d 1155, 1161 n.2. (9th Cir. 2008) (failed to address a finding because Plaintiff failed to provide any specificity to effectively argue an issue).  For those reasons, this argument fails because the Court cannot determine Plaintiff's argument.  Moreover, Plaintiff does not identify any issues with the other medical opinions provided by Wolcott and Proco-Smith.

**III.    The ALJ properly evaluated Plaintiff's impairments and symptom testimony.**

Plaintiff alleges that the ALJ improperly discounted Plaintiff's testimony.  ECF No. 11 at 16-17.

"'The credibility determination is exclusively the ALJ's to make,' and '[w]e are constrained to review the reasons the ALJ asserts.'"  *Lambert v. Saul*, 980 F.3d 1266, 1278 (9th Cir. 2020) (quoting *Brown-Hunter v. Colvin*, 806 F.3d 487, 494 (9th Cir. 2015)) (quotations and emphasis omitted).  When the ALJ determines the credibility of a claimant's subjective testimony, the ALJ uses a two-step process. *Vasquez v. Astrue*, 572 F.3d 586, 591 (9th Cir. 2009).  The first step requires the ALJ to "determine whether the claimant has presented objective medical evidence of an underlying impairment which could reasonably be expected to produce the pain or other symptoms alleged." *Vasquez*, 572 F.3d at 591 (quoting *Lingenfelter v. Astrue,* 504 F.3d 1028, 1035–36 (9th Cir. 2007)).  The claimant only needs to "show that it could reasonably have caused some degree of the symptom."

*Vasquez*, 572 F.3d at 591 (quoting *Lingenfelter,* 504 F.3d at 1035–36).

The second step states when the ALJ "determines that a claimant for Social Security benefits is not malingering and has provided objective medical evidence of an underlying impairment which might reasonably produce the pain or other symptoms she alleges, the ALJ may reject the claimant's testimony about the severity of those symptoms. *Lambert v. Saul*, 980 F.3d 1266, 1277 (9th Cir. 2020) (quoting *Brown-Hunter v. Colvin*, 806 F.3d 487, 488–89 (9th Cir. 2015)) (citations omitted). The rejection of claimant's testimony about the severity of symptoms requires the ALJ to provide "specific, clear, and convincing reasons for doing so." *Lambert*, 980 F.3d at 1277 (quoting *Brown-Hunter*, 806 F.3d at 488–89) (citations omitted). Pursuant to this, the ALJ must "specifically identify the testimony [from a claimant] she or he finds not to be credible and ... explain what evidence undermines that testimony." *Lambert*, 980 F.3d at 1277 (quoting *Treichler v. Comm'r of Soc. Sec. Admin.*, 775 F.3d 1090, 1102 (9th Cir. 2014)) (citations omitted).

Two factors that can be considered when weighing a claimant's testimony include "unexplained or inadequately explained failure to seek treatment or to follow a prescribed course of treatment; and (3) the claimant's daily activities." *Tommasetti v. Astrue*, 533 F.3d 1035, 1039 (9th Cir. 2008) (*quoting Smolen v. Chater*, 80 F.3d 1273, 1284 (9th Cir. 1996)). Additionally, "[c]ontradiction with

ORDER AFFIRMING THE COMMISSIONER'S DENIAL OF PLAINTIFF'S APPLICATION FOR TITLE XVI BENEFITS ~ 21

the medical record is a sufficient basis for rejecting the claimant's subjective testimony." *Carmickle v. Comm'r, Soc. Sec. Admin.*, 533 F.3d 1155, 1161 (9th Cir. 2008).

Plaintiff argues that the ALJ's reliance on Plaintiff's daily activities was improper. ECF No. 11 at 16-17. Plaintiff claims that the Ninth Circuit warns against the use of daily activities and it must consume a large portion of their day. Tr. 16-17. Plaintiff states that the activities the ALJ examined do not fit this standard or indicate any transferability to a work requirement. Tr. 17.

As previously stated, the ALJ provided many activities that Plaintiff engages in to suggest that the Plaintiff's "level of activity is not indicative of the level of limitation alleged." Tr. 25. The ALJ used these activities to contradict some of Plaintiff's statements. For example, Plaintiff asserted that he relies on his girlfriend and mother, but the activities show that the Plaintiff can complete household chores, personal maintenance, and driving on his own. Tr. 352-57. Moreover, while not explicitly stated by the ALJ, the ability to engage in specific activities such as blacksmithing, forging knives, and lifting weights can be translated to job or work activities. Tr. 25-26, 355.

Nevertheless, even without considering this evidence of daily activities, the ALJ provided other sufficient reasons to discredit Plaintiff's testimony. Tr. 25-26. For example, the ALJ recognized that Plaintiff engaged in normal and routine

ORDER AFFIRMING THE COMMISSIONER'S DENIAL OF PLAINTIFF'S APPLICATION FOR TITLE XVI BENEFITS ~ 22

examinations and treatment rather than considering specialized treatment.  Tr. 25.  Also, the ALJ established that Plaintiff had a history of noncompliance with treatment.  Tr. 26.  For example, Plaintiff was unwilling to try medications including metformin for his diabetes, refused referrals to behavioral mental health treatment including a psychiatric evaluation for alleged hallucinations.  Tr. 26, 433, 439, 661, 67, 3211, 3238, 3364, 197.  Plaintiff refused to take any medication for his ADHD or continue compliance with his CPAP despite effectiveness.  Tr. 26, 870, 886, 2047.  These are sufficient reasons to discredit subjective testimony, and Plaintiff does not take issue with this part of the ALJ's analysis.  *See Tommasetti v. Astrue*, 533 F.3d 1035, 1039 (9th Cir. 2008).

Also, Plaintiff refers to testimonies from Jeffrey's family to show that his impairments are more severe and limiting as Plaintiff suggests.  ECF No. 11 at 11-12.  However, when Plaintiff does refer to the record, it does not represent what Plaintiff alleges.  For example, Plaintiff cites the record referring to Jeffrey's mother's statements, but the citation refers to an appeals disability report.  ECF No 11 at 11; Tr. 299.  Moreover, it is unclear where in the record Jeffrey's family provides statements, their relevance to Plaintiff's case, or who Jeffrey is.  The same argument goes regarding citations to Plaintiff's alleged concentration and focus.  ECF No. 11 at 11.  The citations do not reference the alleged content but instead privacy statements and after visit care instructions regarding a low-salt diet

ORDER AFFIRMING THE COMMISSIONER'S DENIAL OF PLAINTIFF'S APPLICATION FOR TITLE XVI BENEFITS ~ 23

and cardiovascular health.  Tr. 335, 347, 405.  For those reasons, the Court will not consider these citations or arguments further.

The ALJ considered the record as a whole including medical evidence, opinions, vocational expert testimonies, etc.  Tr. 17-30.  For example, the ALJ provided sufficient clear and convincing reasons for Wolcott and Porco-Smith's opinions that are consistent with the ALJ's determination and the record.  Tr. 26-29.  Therefore, this argument fails.

**IV.    The ALJ properly assessed Plaintiff's RFC and the ALJ met his burden at step five.**

In this section, Plaintiff fails to provide citations to the record.  ECF No. 11 at 12-13.  Again, Plaintiff's lack of citations exhibits Plaintiff's failure to argue with specificity.  The Court attempted to address Plaintiff's arguments but will not further consider arguments or manufacture arguments that are not argued with specificity.  *Indep. Towers of Washington v. Washington*, 350 F.3d 925, 929 (9th Cir. 2003) ("[W]e cannot "manufacture arguments for an appellant" and therefore we will not consider any claims that were not actually argued in appellant's opening brief.").  Moreover, "[a]rguments made in passing and not supported by citations to the record or to case authority are generally deemed waived." *Badgley v. United States*, 957 F.3d 969, 979 (9th Cir. 2020).

ORDER AFFIRMING THE COMMISSIONER'S DENIAL OF PLAINTIFF'S
APPLICATION FOR TITLE XVI BENEFITS ~ 24

A. Dr. Woolever's Statements & Vocational Expert Testimony

Plaintiff argues that the ALJ erred because they did not provide limitations provided by Dr. Woolever in the hypothetical questions. ECF No. 11 at 14-16. However, as previously discussed, the ALJ did not err in failing to consider Dr. Woolever's statement. Even more, Plaintiff argues that Dr. Woolever's statements of abstentionism and need for excessive rest periods and sedentary exertion would preclude all work. ECF No. 11 at 15. However, the ALJ provided sufficient evidence that Plaintiff's limitations are not as severe as alleged and incorporated any limitations into Plaintiff's RFC. Tr. 25-26. Again, Dr. Woolever's opinion on limitations does not alone contradict the ALJ's analysis of the record showing many unremarkable exams and medical opinions supporting the same. Tr. 25-28. Therefore, this argument fails for multiple reasons.

B. Sufficient Evidence

Next, Plaintiff takes issue with the label "objective findings" and states that the medical opinions do not support that Plaintiff can be accommodated with simple repetitive work. ECF No. 11 at 12. Plaintiff states that the ALJ failed to support his claim that the clinical findings and Plaintiff's performance at appointments do not warrant more restrictive limitations. ECF No. 11 at 12.

The ALJ provides sufficient support and evidence under the objective findings section to demonstrate that Plaintiff's limitations are appropriately exhibited in the

ORDER AFFIRMING THE COMMISSIONER'S DENIAL OF PLAINTIFF'S APPLICATION FOR TITLE XVI BENEFITS ~ 25

RFC.  Under the header "objective record", the ALJ states that "[t]he objective record does not support the level of limitation alleged."  Tr. 25.  The ALJ states that the record shows some evidence of back abnormalities, but that Plaintiff's examinations are typically normal.  Tr. 25.  Continuing, Plaintiff exhibits normal gait, range of motion, sensation and these findings are inconsistent with Plaintiff's "extreme allegations" particularly regarding his ability to walk and lift.  Tr. 25, 549-52, 582, 686-89, 860, 919, 2022, 3037.  Pertaining to mental functioning, Plaintiff's record demonstrates "largely normal findings."  Tr. 25.  The ALJ conducted a detailed analysis with numerous references to the record for each type of mental functioning ability showing only moderate or mild limitations.  Tr. 22-23.  Therefore, Plaintiff fails to identify any error.

> D. Medical Tests

Plaintiff asserts that the record including the MRI results and standing leg test show positive results of impairments that the ALJ wrongly disregarded.  ECF No. 11 at 13.

The ALJ stated that the state agency medical consultants found that Plaintiff could perform a range of medium work with postural activities generally limited to frequent.  Tr. 28.  The ALJ found this consistent with the record of generally normal findings of gait, station, strength, and minor limitations in range, straight-leg-raise testing and tenderness.  Tr. 28.  Plaintiff does not cite the record.

ORDER AFFIRMING THE COMMISSIONER'S DENIAL OF PLAINTIFF'S APPLICATION FOR TITLE XVI BENEFITS ~ 26

After reviewing the record, there appears to be one MRI of Plaintiff's brain and one MRI of Plaintiff's back. Tr. 812-13. The brain MRI provided normal results. Tr. 812-13, 46, 581, 681. Dr. Woolever's report refers to an MRI "done some time ago confirmed some bulging discs with arthritic changes in the facets." Tr. 46. In some records, an MRI is referenced stating L5 bulging disc and neural foraminal narrowing. Tr. 581, 681. Exercises instead of surgery were recommended. Tr. 681. However, the ALJ does not argue how this medical test shows legal error or proves a more severe limitation. Accordingly, with the ALJ's other evidence and the failure to identify facts or citations for this MRI, the Court will not consider it further.

Plaintiff alleges that the ALJ failed to acknowledge a straight raising leg test that was positive confirming radiculopathy. ECF No. 11 at 13. However, again, Plaintiff fails to cite anywhere in the record. *Id.* The ALJ provided multiple citations for his decision exhibiting sufficient evidence for his determination. One test without a specified limitation does not represent harmful error of many examples of lesser limitations. Moreover, "[i]f the ALJ's credibility finding is supported by substantial evidence in the record, we may not engage in second-guessing." *Thomas v. Barnhart*, 278 F.3d 947, 959 (9th Cir. 2002). Plaintiff fails to cite and does not allege any harmful error.

ORDER AFFIRMING THE COMMISSIONER'S DENIAL OF PLAINTIFF'S APPLICATION FOR TITLE XVI BENEFITS ~ 27

E. Past Statements

Plaintiff contends that one of the records was repeated in the record and that in one of the records it states that Plaintiff is having "quite a bit of back pain" and refers to the positive MRI result. ECF No. 11 at 13-14.

Under the section labeled "Past Statements", the ALJ reported that Plaintiff has reported doing physically well during appointments and visits. Tr. 25, 3172. While the ALJ recognized Plaintiff sometimes had "higher symptomology" his self-assessment scores rated only mild for anxiety and depression. Tr. 25, 421-22, 441, 452, 446, 2362, 3180. Plaintiff reported improvements with medication and that he feels good overall. Tr. 25, 411, 3172, 3180. The ALJ found that this evidence was not consistent with Plaintiff's reports of severe and debilitating impairments. Tr. 25.

Again, as previously discussed, the ALJ provided sufficient evidence for his determination. However, a repeated record does not prove harmful error. Additionally, a report of back pain and reference to an MRI result does not disregard the ALJ's evidence. As a result, Plaintiff failed to properly assert arguments with citations to the record and did not identify any error that warrants remand. Accordingly, the Commissioner's decision is affirmed.

**ACCORDINGLY, IT IS HEREBY ORDERED:**

1. Plaintiff's Motion for Summary Judgment (ECF No. 11) is **DENIED.**

ORDER AFFIRMING THE COMMISSIONER'S DENIAL OF PLAINTIFF'S APPLICATION FOR TITLE XVI BENEFITS ~ 28

2. Defendant's Response Brief (ECF No. 13) is **GRANTED.** The Commissioner's final decision is **AFFIRMED.**

The District Court Executive is directed to enter this Order, enter judgment for Defendant, furnish copies to counsel, and **CLOSE** this file.

DATED May 4, 2026.



THOMAS O. RICE
United States District Judge

ORDER AFFIRMING THE COMMISSIONER'S DENIAL OF PLAINTIFF'S APPLICATION FOR TITLE XVI BENEFITS ~ 29